UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DOUGLAS A. JOHNSON, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:09-cv-1114-DML-LJM |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) |
| Defendant. | ) |

# Entry on Motion for Attorneys' Fees

This matter is before the court on the motion (Dkt. 28) by plaintiff Douglas A. Johnson for an award of attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), following the court's entry of final judgment remanding this case to the Commissioner of the Social Security Administration ("Commissioner") for further consideration. Mr. Johnson seeks an award of $6,875.72.

Section 204(d) of the EAJA, 28 U.S.C. § 2412(d), requires in a suit by or against the federal government that the court award to a prevailing party (other than the United States) his attorneys' fees and expenses unless the court finds that the United States' position was substantially justified or special circumstances make an award not just. The party's motion to recover his fees must be timely. 28 U.S.C. § 2412(d)(1)(B).

The Commissioner opposes Mr. Johnson's fee request on the ground that the Commissioner's position was substantially justified, an issue for which the Commissioner bears the burden of proof. *Stewart v. Astrue,* 561 F.3d 679, 683 (7th Cir. 2009). To evaluate whether the government's position was substantially justified, the court looks at the agency's pre-litigation conduct (including the ALJ's decision) and its litigation position, and then makes one

determination as to the entire civil action. *Id.; Golembiewski v. Barnhart,* 382 F.3d 721, 724 (7th Cir. 2004); 28 U.S.C. § 2412(d)(2)(D) (for purposes of fee award, "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based"). The Commissioner's position must have had reasonable factual and legal bases, *Pierce v. Underwood,* 487 U.S. 552, 565 (1988), but need not have been correct. *See Jackson v. Chater,* 94 F.3d 274, 278 (7th Cir. 1996) (citing *Pierce,* 487 U.S. at 566 n.2). The test is whether the Commissioner "had a rational ground for thinking that [he] had a rational ground for denying benefits." *See Kolman v. Shalala,* 39 F.3d 173, 177 (7th Cir. 1994).

The Commissioner's defense of the ALJ's decision and his position on Mr. Johnson's request for fees reveal that the Commissioner misapprehends the court's ruling in favor of Mr. Johnson. The court ruled in favor of Mr. Johnson because the ALJ's decision reflected his failure to consider Mr. Johnson's impairments in the context of the requirements of listing 12.05C, titled "Mental retardation." The Commissioner argued on appeal that even though the ALJ never even mentioned 12.05C, the ALJ's discussion (as part of his step two findings) about Mr. Johnson's mental impairment and about whether any deficits in adaptive functioning were "consistent with mental retardation," together with the ALJ's determination that Mr. Johnson suffered from a diagnosis of borderline intellectual functioning rather than mental retardation, were sufficient to show that Mr. Johnson did not meet Listing 12.05C. This court rejected that argument, emphasizing that the absence (or presence) of a mental retardation diagnosis does not answer whether a claimant meets listing 12.05C. (*See* Dkt. 26, at pp. 5-7). This is so because listing 12.05C is not equivalent to a mental retardation diagnosis that a physician or other health care provider may make under standards relevant to her profession. In adopting revisions to the

listings, the Social Security Administration explained in 2002 that it had rejected adopting a definition of mental retardation used by professional organizations in favor of its own definition—expressed in listing 12.05C—that is consistent with, but not identical to, the definitions used in the relevant medical profession. SSA stated that:

> The four major professional organizations in the United States that deal with [mental retardation] have each established their own definition of [mental retardation.] While all the definitions require significant deficits in intellectual functioning, [as evidenced by certain IQ scores], age of onset and the method of measuring the required deficits in adaptive functioning differ among the organizations. . . . The definition of [mental retardation] used by SSA in the listings is not restricted to diagnostic uses alone, nor does it seek to endorse the methodology of one professional organization over another. While capturing the essence of the definitions used by the professional organizations, it also is used to determine eligibility for disability benefits. SSA's definition establishes the necessary elements, while allowing use of any of the measurement methods recognized and endorsed by the professional organizations.

*See Technical Revisions to Medical Criteria for Determinations of Disability,* 67 Fed. Reg. 20018-01 (April 24, 2002).

This case therefore presents facts unlike those in *Scheck v. Barnhart,* 357 F.3d 697 (7th Cir. 2004), and *Rice v. Barnhart,* 384 F.3d 363 (7th Cir. 2004), where the ALJ's failure to mention a particular listing did not suggest a gap or flaw in the reasoning leading to the determination that the claimant was not disabled. In *Scheck,* the Seventh Circuit emphasized that there was "no" evidence to support an argument that the claimant met or equaled a listing. 357 F.3d at 700-01. In *Rice,* the court found it could "safely conclude" from the detailed analysis of medical evidence in the ALJ's decision that the ALJ had considered the elements of the one listing relevant to the claimant's impairment even though the ALJ did not mention the listing by name. 384 F.3d at 369-70. In Mr. Johnson's case, the ALJ's failure to mention 12.05C, along with his focus on the existence or absence of a diagnosis of mental retardation, convinced the court that the ALJ did not meaningfully consider whether Mr. Johnson met each of the

3

requirements of 12.05C and was mentally retarded under SSA's definition and thus entitled to a finding of disability at step three.

The Commissioner's discussion of the law that listing 12.05C requires a claimant to satisfy the elements of both the introductory paragraph of 12.05 *and* those contained in subparagraph C also reveals its misunderstanding of the court's opinion. The court has no quarrel with this rule. It stated this rule in its decision, citing to *Novy v. Astrue,* 497 F.3d 708,710 (7th Cir. 2007), and applied it. (*See* Dkt. 26 at p. 5).

The court finds that the Commissioner has failed his burden to show that the ALJ's decision and the Commissioner's litigation position defending that decision were substantially justified. As the court found in its opinion remanding this matter to the Commissioner, the ALJ failed to apply the proper legal standard in evaluating Mr. Johnson's impairments. Failing to use the right legal standard typically signifies a position that is not substantially justified, *see Stewart v. Astrue,* 561 F.3d 679, 684 (7th Cir. 2009) (ALJ's decision "contravened longstanding agency regulations, as well as judicial precedent"), and it is so here.

To support his request for an award of $6,875.72, Mr. Johnson submitted an affidavit of his attorney testifying that he spent 38.5 hours at an hourly rate of $178.59 (calculated based on the statutory hourly rate of $125.00 plus a percentage reflecting an increase in the cost of living from the time the $125.00 rate was established). The Commissioner has not objected to the number of hours claimed or the hourly rate requested, and the court perceives no need to reject as unreasonable any of the hours or the hourly rate requested.

**Conclusion**

Mr. Johnson's motion for an award of attorneys' fees under the EAJA is GRANTED. The court awards to Mr. Johnson attorneys' fees under 28 U.S.C. § 2412(d) in the amount of $6,875.72. The fee award shall be paid and delivered to Mr. Johnson's counsel consistent with the assignment in the record (Dkt. 30).

So ORDERED.

Date: 05/23/2011

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

Patrick Harold Mulvany
mulvany@onet.net